UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 18, 2014

LETTER TO COUNSEL

RE:   *Karen Elaine Jones v. Commissioner, Social Security Administration*;
      Civil No. SAG-13-2074

Dear Counsel:

On July 18, 2013, Plaintiff Karen Elaine Jones petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 22, 25). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion and grant the Commissioner's motion. This letter explains my rationale.

Ms. Jones filed a claim for Supplemental Security Income ("SSI") on December 30, 2009. (Tr. 73, 130–33). She alleged a disability onset date of October 28, 2009. (Tr. 130). Her claims were denied initially and on reconsideration. (Tr. 78–82, 84–86). A hearing was held on March 21, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 35–72). Following the hearing, the ALJ determined that Ms. Jones was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 11–29). The Appeals Council denied Ms. Jones's request for review, (Tr. 1–5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Jones suffered from the severe impairments of depression, bipolar disorder, substance abuse, explosive personality, hepatitis, obesity, and back and hip pain. (Tr. 16). Despite these impairments, the ALJ determined that Ms. Jones retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 416.967(b) except the claimant is limited to simple routine tasks, with only occasional contact with the public, co-workers and supervisors." (Tr. 18). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Jones could perform jobs existing in significant numbers in the national economy, and that she was therefore not disabled. (Tr. 23–24).

On appeal, Ms. Jones argues that the hypothetical posed to the VE was defective because it did not include all of Ms. Jones's limitations. Pl.'s Mem. 8. First, she claims that the hypothetical did not include her "marked psychological limitations." *Id.* However, the hypothetical included each of the limitations that the ALJ deemed credible in his RFC

*Karen Elaine Jones v. Commissioner, Social Security Administration*
Civil No. SAG-13-2074
December 18, 2014
Page 2

assessment. *Compare* (Tr. 18), *and* (Tr. 68–69), (both limiting Ms. Jones to "simple routine tasks" and "only occasional contact with the public, co-workers and supervisors). Moreover, the ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations.

In support of her argument that the hypothetical was insufficient, Ms. Jones emphasizes her inability to interact with others, and she argues that "the term 'occasional contact' does not define with any specificity the amount of interpersonal contact involved with each of the jobs that the vocational expert said she could perform." Pl.'s Mem. 9. However, the VE did not ask the ALJ to clarify the meaning of "occasional contact," indicating that the VE and the ALJ both comprehended the term as it is regularly employed in the context of Social Security disability claims. Moreover, the VE testified that the jobs he provided actually involved "low contact" with the public, co-workers, and supervisors. (Tr. 71).

Additionally, the ALJ's evaluation of Ms. Jones's mental impairments, including the "occasional contact" limitation included in the RFC assessment, was supported by substantial evidence. At step three of the sequential evaluation, the ALJ determined that Ms. Jones suffered "moderate difficulties" in social functioning, noting Ms. Jones's statements about her inability to get along with co-workers, but also citing Ms. Jones's own statement that she gets along with authority figures. (Tr. 17, 152). At step four, the ALJ determined that Ms. Jones was not entirely credible with regard to the intensity, persistence, and limiting effects of her claimed symptoms. In support of his assessment, the ALJ explained that Ms. Jones has not been consistent with her mental health treatment and medications. (Tr. 20). The ALJ considered the psychological consultant's evaluation and Ms. Jones's testimony, which indicate that Ms. Jones was able to work part-time as a waitress for many years, and as a packer.[1] (Tr. 43–45, 210–13). Both of those jobs presumably involved some level of interaction with the public, co-workers, and supervisors. The ALJ also appropriately considered, but discounted the relevance of, the GAF scores assigned to Ms. Jones. (Tr. 20–21). Although nothing prohibits an ALJ from considering GAF scores as one component of a full analysis of the evidence of record, GAF scores are not determinative of whether a claimant is disabled under Social Security Administration regulations. *See Kozel v. Astrue*, No. JKS-10-2180, 2012 WL 2951554, at *10 (D. Md. July 18, 2012). Finally, the ALJ evaluated the medical opinion evidence, assigning "little weight" both to the opinion of the State agency physician who opined that Ms. Jones's mental impairments were not severe, and to that of the State agency physician who opined that Ms. Jones suffered marked limitations in most categories of social functioning. (Tr. 21–22). The ALJ also rejected the opinions of Ms. Jones's treating physician because they were not supported by medical signs and were inconsistent with each other and the record as a whole. (Tr. 22). Accordingly, I find that the ALJ's RFC assessment, including the limitation of Ms. Jones to

---

[1] Ms. Jones testified that she was not able to retain her position as a packer because of the amount of standing it involved. (Tr. 44–45). It is not entirely clear from the record, however, why Ms. Jones lost her waitressing job. Although Ms. Jones testified that she was fired because she did not get along with her co-workers, (Tr. 43), she previously reported that she had never been fired from a job due to problems getting along with others, (Tr. 152), and the record indicates that she also suffered from a heroin relapse around the time of her termination, (Tr. 330).

"occasional contact with the public, co-workers and supervisors," was supported by substantial evidence and adequately accommodated her limited ability to interact with others. *See e.g., Washington v. Soc. Sec. Admin., Comm'r*, 503 Fed. App'x. 881, 883 (11th Cir. 2013) (finding that a limitation to "occasional interaction with the general public and co-workers" adequately accommodated a claimant's moderate limitation in social functioning).

Ms. Jones also claims that the hypothetical was defective because it omitted her educational limitations as well as her inability to drive and use computers. Pl.'s Mem. 9. However, the VE was present for Ms. Jones's testimony regarding her educational background, (Tr. 43), he testified that he had reviewed the record, (Tr. 67), and in posing the hypothetical, the ALJ specifically instructed the VE to consider an individual "with a limited education and past work similar to that of [Ms. Jones]," (Tr. 68–69). Moreover, Ms. Jones has not alleged that any of the jobs listed by the VE involve either driving or using a computer. Her argument is thus plainly without merit.

For the reasons set forth herein, Ms. Jones's Motion for Summary Judgment (ECF No. 22) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 25) is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge